## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KRAIG PAYNE,**
**#Y40610,**

                                    **Plaintiff,**                    **Case No. 24-cv-02129-SPM**

**v.**

**GOODMAN,**[1]

                                    **Defendant.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### DISCUSSION

In the Complaint, Plaintiff alleges that from May 28 through May 31, 2024, on two occasions, when Plaintiff asked for extra food from Correctional Officer Goodman, Goodman gestured to his genitals and told Plaintiff that Plaintiff "could suck [his] dick." Plaintiff states that

---

[1] Plaintiff has filed a motion seeking to substitute Goodman for Ackeraman as the defendant in this case. (Doc. 5). He states that he would like to correct the docket and the Complaint so that he does not sue the wrong person. Generally, the Court does not allow supplemental changes to the Complaint. However, the Court will allow Plaintiff to amend his Complaint via interlineation as a one-time courtesy. The motion is **GRANTED.** The Clerk is **DIRECTED** to substitute Goodman for Ackeraman on the docket.

the Illinois Department of Corrections has zero tolerance for sexual misconduct, and Goodman was fired for his actions. Plaintiff states that his civil rights were violated because he was subjected to sexual misconduct in a facility that has "zero tolerance for sexual misconduct in any form." (Doc. 1, p. 4).

Goodman's conduct falls short of an Eighth Amendment cruel and unusual punishment claim. Though some harassment may be serious enough to constitute cruel and unusual punishment, the Seventh Circuit has explained that whether "[s]imple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F. 3d 356, 358 (7th Cir. 2015). Here, the comments and gestures described were undoubtedly unprofessional, unpleasant, and could have caused some level of fear, but they did not amount to a constitutional violation. Goodman's remarks in response to Plaintiff asking for more food did not suggest any form of physical danger or future ill-will. *See Dobbey v. Ill. Dep't of Corr.,* 574 F. 3d 443, 446 (7th Cir. 2009) ("The test for what constitutes 'cruel and unusual punishment' is an objective. It is not the actual fear of the victim, but what a 'reasonable' victim would fear."). Additionally, the comments only happened twice and once reported and investigated, Goodman was terminated from his position. *Id.* (concluding that a guard hanging a noose in view of an inmate and glaring at the inmate did not amount to cruel and unusual punishment because the incident was promptly investigated and was not accompanied by other threatening conduct).

Furthermore, although the conduct was done contrary to an Illinois Department of Corrections policy, violations of state laws or policies do not constitute a violation of the constitution under Section 1983. *See, e.g., Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020); *Thompson v. City of Chi.*, 472 F.3d 444, 454 (7th Cir. 2006).

Because Plaintiff has failed to state a constitutional claim against Defendant Goodman, the

Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed. Generally, the Court freely grants leave to amend for pro se litigants. It is convinced, however, after reviewing the Complaint that Plaintiff will not be able to present a valid Section 1983 claim premised on the events that transpired and the facts he has presented to the Court. *See e.g., Always Towing & Recovery, Inc. v. City of Milwaukee,* 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *Owens v. Hinsley,* 635 F.3d 950, 956 (7th Cir. 2011). Accordingly, the Complaint will be dismissed with prejudice, and this case closed.

### DISPOSITION

For the reasons stated above, the Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as one of Plaintiff's three "strikes" under 28 U.S.C. § 1915(g).

The Court previously granted Plaintiff leave to proceed *in forma pauperis* (Doc. 12), and therefore, the Motion for Leave to Proceed *in forma pauperis* filed on October 31, 2024, is denied as moot. (Doc. 13). The Motion to Substitute is **GRANTED**. (Doc. 5). The Clerk shall substitute Goodman for Ackeraman in accordance with footnote 1.

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot

be extended.

**IT IS SO ORDERED.**

**DATED: December 30, 2024**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**